IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JON D. KATZENMEIER and JULIE KATZENMEIER, Husband and Wife, | |
| Plaintiffs, | |
| vs. | Case No. 4:06-cv-00169 |
| BLACKPOWDER PRODUCTS, INC., a Corporation, d/b/a CONNECTICUT VALLEY ARMS; and DIKAR S. COOP, | TRIAL TRANSCRIPT |
| | VOLUME I |
| Defendants. | |

Courtroom, Second Floor
U.S. Courthouse
123 East Walnut Street
Des Moines, Iowa
Wednesday, December 3, 2008
9:20 a.m.

BEFORE: THE HONORABLE ROSS A. WALTERS, Magistrate Judge, and a Jury.

APPEARANCES:

For the Plaintiffs:

GARY A. EATON, ESQ.
WILLIAM E. SPARKS, ESQ.
Eaton & Sparks
1717 East 15th Street
Tulsa, Oklahoma 74104

For the Defendants:

JAMES E. SINGER, ESQ.
Bovis, Kyle & Burch, L.L.C.
200 Ashford Center North
Suite 500
Atlanta, Georgia 30338-2668

KEVIN M. REYNOLDS, ESQ.
Whitfield & Eddy, P.L.C.
317 Sixth Avenue
Suite 1200
Des Moines, Iowa 50309-4195

P R O C E E D I N G S

(Jury voir dire was reported, but not transcribed.)

(A jury was duly impaneled and sworn.)

THE COURT: Please be seated, ladies and gentlemen of the jury.

Let me tell you what we're going to do here. I'm going to read you some preliminary instructions concerning your service as jurors in this case, and the--after that, I'm going to excuse you to return tomorrow morning for opening statements. There is some work that the lawyers have to do, and it involves the Court also, that is going to take us up this afternoon. Frankly, due to the weather it's probably not a bad idea to let you go and come back tomorrow morning for opening statements.

Now I'm going to read some preliminary instructions to you, and then we're going to let you go to come back tomorrow morning and we'll have opening statements at that time.

Preliminary Instruction No. 1. Members of the jury, before the lawyers make their opening statements, the Court gives you these preliminary instructions to help you better understand what will be presented before you, and how you should conduct yourselves during the trial. You are to consider these instructions, together with the instructions given at the end of the case, and apply them as a whole to the facts of the case. In considering the instructions you will attach no importance or significance whatsoever to the order in which they

are given.

Preliminary Instruction No. 2, the order of trial. This case is going to proceed as follows: After I conclude these preliminary instructions, and after you come back tomorrow morning, the plaintiffs' lawyer is going to make an opening statement outlining the plaintiffs' case. The defendants' lawyer may also make an opening statement outlining their case immediately after the plaintiffs' statement. What is said in opening statement is not evidence but introduces the evidence that the parties intend to produce.

Second, the plaintiffs will introduce evidence to support their claim. At the conclusion of the plaintiffs' case, defendants may introduce evidence. Plaintiffs may then introduce rebuttal evidence.

Third, I will further instruct you on the law that you are to apply in reaching your verdict in this case.

Fourth, the parties' lawyers may then present closing arguments to you as to what they consider the evidence has shown and as to the inferences they contend you should draw from the evidence.

What is said in closing argument, just as what is said in opening statement, is not evidence. The arguments present the contentions of the parties based on the evidence introduced. The plaintiffs have the right to open and close the arguments. And then after that you will retire to deliberate on your

verdict.

Preliminary Instruction No. 3, the duty of jurors. It will be your duty to decide from the evidence what the facts are. You and you alone are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law which I will give you in the final instructions at the conclusion of the case. You will then deliberate and reach your verdict. You are the sole judges of the facts, but you must follow the law as stated in my instructions whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it. In deciding what testimony to believe, consider the witness' intelligence, their opportunity to have seen or heard the things they testify about, their memory, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony, and the extent to which their testimony is consistent with other evidence that you believe.

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the parties. You are to perform this duty without bias or prejudice as to any party. Our system of law does not permit jurors to be governed by

sympathy, prejudice, or public opinion. This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

Preliminary Instruction No. 4. The burden of proving a fact is upon the party whose claim depends upon that fact. The party who has the burden of proving a fact must prove it by a preponderance of evidence. To prove something by the preponderance of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. The preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

Preliminary Instruction No. 5, note taking. If you want to take notes during the course of the trial, you may do so. When you come back tomorrow, the Court will have note pads and either pens or pencils for you to use to take notes if you care to take notes. However, it is difficult to take detailed

notes and pay attention to what the witnesses are saying at the same time. If you do take notes, make sure that your taking of notes does not interfere with your listening to and considering all of the evidence.

Also, if you take notes, do not discuss them with anyone before you begin your deliberations. Do not take the notes with you at the end of the day. Be sure to leave them on your chair in the courtroom. If you choose not to take notes, remember it is your own individual responsibility to listen carefully to the evidence. You cannot give this responsibility to someone who is taking notes. We depend on the judgment of all members of the jury. You must all remember the evidence in this case.

Whether or not you take notes you should rely on your own memory regarding what was said. Your notes are not evidence. They are only to assist your memory. You should not be overly influenced by the notes.

You will notice we do have an official court reporter making a record of the trial. However, we will not have typewritten transcripts of the record available for use in reaching your decision in this case.

Finally, Preliminary Instruction No. 6. Members of the jury, this instruction is an admonition which sets forth some dos and don'ts for you as jurors. It's somewhat lengthy. I'm not going to read it each time we recess, but each time we

recess, I am going to ask you to remember the admonition given previously, and this is that admonition.

Under your oath as jurors in this case you are admonished that it is your duty not to permit any person to speak with you upon any subject connected with the trial of this case. You are not to talk with any of the parties, the attorneys, or witnesses during the trial, even upon matters wholly unrelated to this trial. Should anyone try to discuss this case with you or in your presence, you should not listen to such conversation. You should immediately walk away. If a person should persist in trying to talk to you, try and find out their name and report it immediately to the Court.

You also are admonished not to converse among yourselves or with anyone, including family members, upon any subject connected with the trial of this case. Even after the case is submitted to you and you've retired to your jury room to begin your deliberations, please make sure that all of the jurors are present in the room so that they can--before you discuss the case so that everybody can hear what is being said and participate in the discussions to the extent that they care to.

Now, you should not form or express an opinion on this case, and you should keep an open mind until you have heard all of the evidence, the statements and arguments of counsel, the instructions of the Court, and the case is finally submitted to

you and you have retired to your jury room to deliberate.

Not only must your conduct as jurors be above reproach, but you must avoid the appearance of any improper conduct. You must avoid reading, listening to, or watching any news accounts of this trial, if there should be any, because oftentimes such accounts are based on incomplete information or may be misleading or contain matters that would be inadmissible in evidence. Also, please take care to avoid using the internet to do your own research as it relates to any matter having to do with this case, or from reading any materials that might have any bearing on this lawsuit.

As a juror, you are the judges of the facts while the Court is the judge of the law. During the course of this trial I will be required to decide legal questions, and before you leave to deliberate this case, the Court will instruct you on the law you are to follow in reaching your verdict. You should give careful attention to all of the testimony as it is presented to you for you will only hear it once, and you must depend upon your recollection of the testimony when deliberating in your jury room. As stated before, do not form an opinion, and keep an open mind until all of the evidence has been received.

From time to time during the trial, the Court will be required to confer with the attorneys upon points of law that require only the consideration of the Court. These conferences

will be conducted outside of your presence. It is impossible to predict when these conferences will be required, or how long they may last. However, these conferences will be conducted so as to consume as little of your time as possible while still being consistent with the orderly progress of the trial.

Also, from time to time during the trial, the Court will be required to rule on objections or motions made by the lawyers. You should not infer anything by reason of an objection, nor may you infer anything from the rulings on the objections, or that the Court has any opinion one way or the other concerning the merits of the case.

If an objection to a question to a witness is made and the objection is sustained and the witnesses is not permitted to answer, you should not speculate on what the answer may have been, nor may you draw any inference from the question itself. Additionally, in your jury room you must not refer to or give consideration to any testimony which may be given but then stricken from the record by the Court.

Also, the lawyers in this case are under an obligation not to talk to you. Do not consider them to be aloof if they do not greet you outside of the courtroom. They are merely abiding by their own rules of ethics and the rules of the Court.

Each time we recess, I'll ask you to remember the admonition given previously, and this has been that admonition.

Ladies and gentlemen, as I said, you're going to be in

recess now until 9 o'clock tomorrow morning. I'm told the weather is supposed to get better, but the way this forecast went, who knows. But we'll see you at 9 o'clock in the morning.

Now, there are 12 of you, and I can't do anything until you're all here, so please make sure you get here not right at 9, but a little before 9 so that we're ready to go right at 9 o'clock with opening statements.

Have a good evening. Drive safely. During the evening hours please bear in mind the admonition just given, and we will see you at 9 o'clock tomorrow morning.

At this time if you go with the Court security officer, he will show you your jury room, and after that you may depart.

THE CLERK: You will have parking passes in the jury room that will tell you where to park. I think it's either on the bridge or in the back, I'm not sure, on the east side--southeast side of the courthouse. They should be on the table.

(In open court, out of the presence of the jury.)

THE COURT: We'll see you tomorrow morning. Drive safely, please.

(Recess at 12:05 p.m., until 9 a.m. Thursday, December 4, 2008.)

C E R T I F I C A T E

I, the undersigned, a Certified Shorthand Reporter of the State of Iowa, do hereby certify that I acted as the official court reporter at the hearing in the above-entitled matter at the time and place indicated;

That I took in shorthand all of the proceedings had at the said time and place and that said shorthand notes were reduced to typewriting under my direction and supervision, and that the foregoing typewritten pages are a full and complete transcript of the shorthand notes so taken.

Dated at Des Moines, Iowa, this 27th day of February, 2009.

/s/ Theresa Kenkel
CERTIFIED SHORTHAND REPORTER