IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| JON D. KATZENMEIER and JULIE KATZENMEIER, Husband and Wife, Plaintiffs, | |
| vs. | Case No. 4:06-cv-00169 |
| BLACKPOWDER PRODUCTS, INC., a Corporation, d/b/a CONNECTICUT VALLEY ARMS; and DIKAR S. COOP, Defendants. | TRIAL TRANSCRIPT<br>Volume VIII |

Courtroom, Second Floor
U.S. Courthouse
123 East Walnut Street
Des Moines, Iowa
Friday, December 12, 2008
2 p.m.

BEFORE: THE HONORABLE ROSS A. WALTERS, Magistrate Judge, and a Jury.

THERESA KENKEL - CERTIFIED SHORTHAND REPORTER

APPEARANCES:

For the Plaintiffs:

GARY A. EATON, ESQ.
WILLIAM E. SPARKS, ESQ.
Eaton & Sparks
1717 East 15th Street
Tulsa, Oklahoma 74104

For the Defendants:

JAMES E. SINGER, ESQ.
Bovis, Kyle & Burch, L.L.C.
200 Ashford Center North
Suite 500
Atlanta, Georgia 30338-2668

KEVIN M. REYNOLDS, ESQ.
Whitfield & Eddy, P.L.C.
317 Sixth Avenue
Suite 1200
Des Moines, Iowa 50309-4195

P R O C E E D I N G S

(In open court with the Court and Plaintiffs' counsel present, and Defendants' counsel present by phone, Fourth Floor Courtroom.)

THE COURT: I have Mr. Eaton and Mr. Sparks here. Oh, about ten minutes ago I got a note from the jury. The note reads as follows: "Your Honor, we are deadlocked on question No. 1. We have devoted the majority of our time to this question and do not believe we can reach a unanimous decision." And it's signed by Mr. McMullen, who has been elected the jury foreperson.

By way of response, I'm going to tell them to continue their deliberations, but I thought I would get some input from both of you as to how I ought to do that.

If you agree, I was thinking to tell them to re-read my Instruction No. 23, which does contain actually some of the elements of the Allen charge, and I was thinking of adding this to it--let me back up. Here's what I think I would tell them. "Thank you for your note. Please continue your deliberations. I ask that you re-read my Instruction No. 23. In addition, there is no reason to think that another trial would be tried in a better way, or that a more conscientious or impartial or competent jury would be selected to hear it. Any future jury must be selected in the same manner and from the same source as you. If you fail to agree on a verdict, the case is left open

and must be disposed of at some later time."

The last couple sentences are from the Eighth Circuit Model Jury Instructions on the Allen charge for use in both criminal and civil cases.

So I can send that back to them. But, in addition, two things I think the attorneys ought to be thinking about are at the end of the day they may still be deadlocked, and, of course, we have a weekend coming up, and if they remain deadlocked, what we ought to do. Also, I don't suggest it, but it is an option, counsel, I can tell them they can return a nonunanimous verdict. With a 12-person jury it would be typically a verdict agreed to by ten persons rather than all 12.

So those are the things I want you to think about. The immediate question is how to answer the jury's note.

MR. SINGER: Well, I'll speak first, I guess. I think the first charge you suggested, telling them to re-read, and the additional that comes from the Eighth Circuit, is certainly the thing to do now. I wouldn't do anything else at this point. I don't know we want a nonunanimous verdict at this point. They haven't even been out even a day yet. That's my two cents worth initially. I haven't talked the matter over with Kevin or my client.

MR. REYNOLDS: I would agree with that, Jimmy.

THE COURT: Mr. Eaton? Mr. Sparks?

MR. EATON: The plaintiffs agree with defense counsel,

that the first thing we should do is Your Honor's suggestion. These other potential steps I think we should simply wait and see what happens, maybe go to the end of the day, or near the end of the day.

THE COURT: What I would probably do at the end of the day, or near the end of the day, at about 4:30 or so, if they don't have a verdict, is talk to counsel and then call them into the courtroom and tell them what I'm going to do. So I need to know if they're still--I would inquire at that time if they are still--feel the same they did when they sent me the note, or if they have made some progress, and--but my inclination would be to probably have them come back on Monday and rest over the weekend and try again.

I think you all need to be thinking about what you need to do at the end of the day. My plan is contact both sides at 4:30 if we don't have any progress, get a read from you what you would like me to do, call the jury in, and talk to them.

Jimmy and Kevin--Kevin, are you in town?

MR. REYNOLDS: Yes. Yes, I am, Your Honor.

MR. SINGER: And we had just left, so--

THE COURT: The reason is if I call the jury in, Mr. Eaton and Mr. Sparks are here. I probably ought to have somebody from the defense side in the courtroom.

MR. REYNOLDS: I can certainly come over for that, Your Honor.

THE COURT: I think that would be best, unless, counsel, you just want me to talk to them.

MR. REYNOLDS: No, I can come over. That's no problem.

MR. SINGER: Maybe this will do the trick and you won't have to do anything at 4:30 or 5.

THE COURT: Hope springs eternal. We'll see.

For the record, here is how I'm going to answer the jury's question: "Thank you for your note. Please continue your deliberations. I ask you to re-read my Instruction No. 23. In addition, please consider this: There is no reason to think that another trial would be tried in a better way, or that a more conscientious, impartial, or competent jury would be selected to hear it. Any future jury must be selected in the same manner and from the same source as you. If you should fail to agree on a verdict, the case is left open and must be disposed of at some later time."

That would be the end of my response. Do the parties agree I should make that response? Mr. Eaton?

MR. EATON: Plaintiffs agree, Judge.

THE COURT: On the defense side?

MR. SINGER: Yes, Your Honor.

THE COURT: Defendants agree?

MR. SINGER: Yes, Your Honor.

THE COURT: I'll go ahead and give that response to

the jury and we'll see what happens. Be thinking about those other things I mentioned because we'll have to make a decision at the end of the day if they're still locked, okay?

MR. REYNOLDS: Thank you.

MR. SINGER: Thank you.

THE COURT: Plan on hearing from me at 4:30 if the jury doesn't come earlier. Okay. Thank you.

(Recess at 2:15 p.m., until 3:25 p.m.)

(In open court, out of the presence of the jury.)

THE COURT: At 3:10 p.m. this afternoon, the Court was notified that the jury--by the Court Security Officer that the jury had reached a verdict. So we'll call the jury in and receive their verdict.

(In open court, in the presence of the jury.)

THE COURT: Mr. McMullen, I'm told you're the foreperson of this jury; is that correct?

JUROR McMULLEN: Yes, Your Honor.

THE COURT: Has the jury reached a verdict?

JUROR McMULLEN: Yes, we have.

THE COURT: Is it a unanimous verdict? That is, is it a verdict of each and all of you?

JUROR McMULLEN: Yes, it is.

THE COURT: So say you all?

(A chorus of "yes.")

THE COURT: The record will reflect that the jurors

answered that it is.

Mr. McMullen, I'm going to read the verdict to you that you have given to me, and then I'll ask you if I've correctly read the verdict.

"Jon D. Katzenmeier, Plaintiff, versus Blackpowder Products Incorporated, and Dikar Co-op Limited. Special Verdict. We, the jury, find the following verdict on the questions submitted to us.

"Question No. 1. Did Plaintiff, Jon Katzenmeier, prove his claim of fault because of a manufacturing defect as explained in Instruction No. 13?" And your answer was, "No."

In conformity with the Court's instructions, you did not answer Question No. 2, and you proceeded to answer question No. 3.

"Question No. 3. Did Plaintiff, Jon Katzenmeier, prove the defendants were at fault because of inadequate instructions or warnings as explained in Instruction No. 15?" And your answer was, "No."

In conformity with the Court's instructions, you answered no further questions, and the verdict form is signed by you, Mr. McMullen, at 3:06 p.m.

Did the Court accurately read the jury's verdict?

JUROR McMULLEN: Yes, it was accurate.

THE COURT: And, ladies and gentlemen, again, is this the verdict of each and all of you?

(A chorus of "yes.")

THE COURT: Is there any desire to poll the jury?

MR. EATON: Plaintiffs do not desire to poll the jury, Judge.

MR. REYNOLDS: No, sir, Your Honor.

THE COURT: Members of the jury, thank you for all your hard work in this case. It took some time, the weather was bad, and I know you've worked very hard yesterday and today in your deliberations. Our civil justice system could not function without people such as yourselves to come into court and hear cases and make decisions.

We thank you very, very much for all your labors in this case, but your labors now are at an end, and I'm going to accept your verdict and discharge you at this time with the Court's thanks. Thank you very much. You may now leave the courtroom.

(Jury dismissed at 3:30 p.m.)

(In open court, out of the presence of the jury.)

THE COURT: Counsel, I'll enter judgment in conformity with the verdict, and if you'd like a copy of the verdict form, I'll have the clerk make copies, and you may each have a copy of it.

Anything further?

MR. EATON: Not from the plaintiffs at this time, Judge.

MR. REYNOLDS: No, sir, Your Honor.

THE COURT: Thank you. We'll be in recess.

(Proceedings concluded at 3:31 p.m.)

C E R T I F I C A T E

I, the undersigned, a Certified Shorthand Reporter of the State of Iowa, do hereby certify that I acted as the official court reporter at the hearing in the above-entitled matter at the time and place indicated;

That I took in shorthand all of the proceedings had at the said time and place and that said shorthand notes were reduced to typewriting under my direction and supervision, and that the foregoing typewritten pages are a full and complete transcript of the shorthand notes so taken.

Dated at Des Moines, Iowa, this 27th day of February, 2009.

/s/ Theresa Kenkel
CERTIFIED SHORTHAND REPORTER